UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BIG BROTHERS/BIG SISTERS OF SOUTHWEST LOUISIANA I** | **CASE NO. 2:21-CV-00092** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMGUARD INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Plaintiff's Motion for Partial Summary Judgment on Insurer's Bad Faith Failure to Timely Pay Undisputed Damages" (Doc. 15). Plaintiff moves the Court for partial summary judgment on the issue of Defendant Amguard Insurance Company's ("Amguard") bad faith failure to pay Plaintiff's undisputed damages caused by Hurricane Laura pursuant to Louisiana Revised Statutes 22:1892 and 22:1973.

## FACTUAL STATEMENT

On or about August 27, 2020, Hurricane Laura made landfall in Southwest Louisiana which caused damage to the area and Plaintiff's insured premises. Amguard was the insurer at all relevant times. Amguard initiated loss adjustment on September 7, 2020 and prepared an estimate which it provided to Plaintiff on November 12, 2020.[1] Amguard's adjuster reported that plaintiff's sustained damages of $72,010.56.[2] Amguard made its first payments on February 24, 2021.[3]

---

[1] Plaintiff's exhibit 1.
[2] Plaintiff's exhibit 1, p. 2, ¶ 9.
[3] Plaintiff's exhibit B, attached to exhibit 1 (the three (3) checks are for a total amount of $47,124.55).

## **SUMMARY JUDGMENT STANDARD**

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

In this lawsuit, Plaintiff alleges that Amguard failed to pay the undisputed portion of its damages within thirty (30) or sixty (60) days after receiving satisfactory proof of loss. Plaintiff contends that the damages associated with the loss far exceed the amount estimated by Amguard's adjuster, and that Amguard had a statutory duty to timely and unconditionally tender the undisputed amount of loss.

Plaintiff asserts that Amguard received satisfactory proof of loss of its undisputed damages for $72,010.56, at the earliest, on September 7, 2020, the date of Amguard's inspector's inspection, and at the latest on November 12, 2020, the date that Plaintiff received Amguard's adjuster's report.

Plaintiff maintains that because Amguard failed to pay any portion of the undisputed damages until, at a minimum, 104 days after receiving satisfactory proof of loss, Amguard failed to timely tender the undisputed portion of Plaintiff's damages which is a "per se" violation of Louisiana Revised Statutes 22:1892 and 22:1973.

Defendant cites a plethora of cases and complains that the instant motion for bad faith claims is premature because there has been no discovery exchanged other than the Initial Disclosures mandated by the Streamlined Settlement Process for all Hurricanes Laura and Delta claims. Defendant provides no information that it deems necessary to

determine whether or not it was in bad faith, nor can this Court fathom what type of additional discovery Defendant could possibly use to support its position.

Defendant argues that it continued to adjust Plaintiff's claim and that its payment dated February 24, 2021 was timely. Defendant asserts that before its adjuster, Ethan Okamura, completed his estimate on November 12, 2020, Plaintiff procured the services of Charles Norman to perform an inspection and generate a report on the scope of the damages. Mr. Norman conducted his inspection on September 17, 2020. Defendant complains that Mr. Okamura attempted to contact Mr. Norman to determine the scope of damages but received only one response--Mr. Okamura could only communicate with the building owner. Mr. Okamura received a copy of Mr. Norman's report on October 26, 2020 and spoke with Plaintiff's Executive Director on October 28, 2020. Defendant complains that Mr. Norman's report lacked quantities and other elements.

Another professional engineer was hired, Dashaun Milling, who inspected the premises on December 1, 2020. Mr. Okamura prepared a second estimate dated January 25, 2021, based on Mr. Milling's report and payment, dated February 24, 2021, was transmitted to Plaintiff.

Plaintiff advises that this motion is not about the disputed damages but is about the untimely payment made by Amguard for the undisputed damages derived from Amguard's inspection on September 7, 2020, at the earliest, or Mr. Okamura's report received November 12, 2020. In other words, once Amguard's inspector inspected the property and calculated that there were undisputed damages of $72,010.56, Amguard had satisfactory

proof of loss to make payment to Plaintiff. Amguard failed to do so, which Plaintiff maintains violates Louisiana's bad faith statutes.

Significantly, Plaintiff points out that Amguard does not dispute that an estimate was prepared by its adjuster and was sent to Plaintiff on November 12, 2020.[4] "Once the requirements of the statute are satisfied, penalties and attorney's fees are mandatory rather than discretionary." *Kief Hardware, Inc. v. Hartford Fire Ins. Co.,* 2018 WL 2289902, at *2 (E.D. La. May 18, 2018) citing *Calogero v. Safeway Ins. Co.,* 753 So.2d 170, 174 (La. 2000).

Louisiana Revised Statute 22:1892, in relevant part, provides as follows:

A. (1) All insurers issuing any type of contract, … shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.

\*\*\*

B. (1)(a) Except as provided in Subparagraph (b) of this Paragraph, failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proof of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this section when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or in the event a partial payment or tender has been made, fifty percent of the difference between he amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. . . .

---

[4] Doc. 24-1, ¶ 8.

(b) In the case of a presidentially or gubernatorially declared disaster failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proof of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this section when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or two thousand five hundred dollars, whichever is greater, payable to the insured, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. . . .

Louisiana Revised Statute 22:1973 provides, in pertinent part, as follows:

A. An insurer, … owes to his insured a duty of good faith and fair dealing. The insurer has n affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:

\*\*\*

(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

\*\*\*

C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. . . .

The Court will defer ruling to the merits on the issue of penalties and attorney fees under Louisiana Revised Statutes 22:1892 and 1973 until trial in order for Plaintiff to prove its damages, if any, so that the potential penalties and attorney fees can be determined.

## **CONCLUSION**

For the reasons set forth above, the Court will deny Plaintiff's Motion for Partial Summary Judgment on Insurer's Bad faith Failure to Timely Pay Undisputed Damages at this time and defer ruling until the trial of this matter.

**THUS DONE AND SIGNED** in Chambers on this 8th day of November, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**